SECURITY SAVINGS & LOAN ASSOCIATION *v.* MORGAN ET AL.

[No. 16,090. Filed May 3, 1939.]

*Emra H. Ireland,* for appellant.

*Benjamin F. Zeig,* for appellees.

CURTIS, C. J.—This was an action brought by the appellant against the appellees to recover the possession of certain real estate described in the complaint, the appellant alleging that it was the owner of and entitled to the immediate possession thereof, and that the appellees were in possession of the same without right and unlawfully keeping the appellant out of possession.

The cause was submitted for trial upon the appellant's complaint and the amended answer of the appellees in general denial. Upon proper request the court made a special finding of facts and stated its three conclusions of law thereon. These were favorable to the appellees. The judgment was in accordance with the conclusions of law. In due time the appellant filed a motion for a new trial which was overruled with an exception reserved and this appeal was then prayed and perfected.

The errors assigned in this court are alleged error in each of the three conclusions of law and error in the ruling on the motion for a new trial. The conclusions of law in effect were that the law is with the appellees; that the plaintiff (appellant) is not the owner of said real estate and is not entitled to the possession thereof and that the defendants (appellees) are entitled to recover their costs

herein. The causes or grounds of the motion for a new trial relied upon are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

This is a companion case to the one between the same two parties, appealed to this court under cause number 16,089 *(Security Savings & Loan Assn.* v. *Morgan et al.,* ante 437.) The real estate involved here is one of the parcels of real estate which was the subject of controversy in the above appeal. The trial court in the said appealed case set aside the deed under which the appellant herein claims the right of possession of said parcel of real estate. Under date of May 2, 1939, this court affirmed the said judgment of the trial court. The appellant's claimed right of possession of said real estate depends entirely upon the said deed which was thus set aside and it must therefore fail in this appeal.

Judgment affirmed.